WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rick Andrews,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-19-05247-PHX-ESW<br><br>**ORDER** |

　　　　Pending before the Court is Rick Andrews' ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of his application for disability insurance benefits. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 11). After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 16, 20, 26), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained in Section II, the decision is reversed and the case is remanded to the Commissioner of Social Security for an immediate award of benefits.

# I. LEGAL STANDARDS

## A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id.*

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. § 404.1520(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.
>
> **Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 404.1520(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id*.

### B. Standard of Review Applicable to ALJ's Determination

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). "Substantial evidence" is less than a preponderance, but more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It is relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v.*

---

[2]*Parra*, 481 F.3d at 746.

*Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Finally, the Court considers the harmless error doctrine when reviewing an ALJ's decision. An ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II.  PLAINTIFF'S APPEAL

### A.  Procedural Background

Plaintiff, who was born in 1963, has experience working as a computer operations specialist. (A.R. 57, 66). In 2015, Plaintiff applied for disability insurance benefits. (A.R. 171-78). Plaintiff alleged disability beginning on November 11, 2013 due to arthritis, degenerative disc disease, and diabetes. (A.R. 66). Social Security denied the application. (A.R. 96-99). In August 2016, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 104-07). Plaintiff sought further review by an ALJ, who conducted a hearing in April 2018. (A.R. 34-64).

In an August 6, 2018 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 13-24). The Appeals Council denied Plaintiff's request for review. (A.R. 1-3). On September 23, 2019, Plaintiff filed the Complaint (Doc. 1) seeking review and reversal of the ALJ's decision.

### B. The ALJ's Application of the Five-Step Disability Analysis

#### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since November 11, 2013, the alleged onset date. (A.R. 15). Neither party disputes this determination.

#### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: lumbar and cervical spondylosis. (A.R. 16). This determination is unchallenged.

#### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 18). Neither party disputes the ALJ's determination at this step.

#### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that Plaintiff

> needs to alternate between sitting and standing at will. He can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, and crouch, but can never crawl. He can frequently reach, handle, and finger with the bilateral upper extremities. He must avoid extreme cold, wetness, vibration, and hazards, including moving machinery and unprotected heights.

(A.R. 19). After considering the assessed RFC and testimony of the Vocational Expert ("VE") at the administrative hearing, the ALJ concluded that Plaintiff is unable to perform his past relevant work. (A.R. 22-23). Plaintiff argues that in assessing his RFC, the ALJ improperly rejected his symptom testimony and the limitations assessed by his treating physician and physician assistant. (Doc. 16).

**5. Step Five: Capacity to Perform Other Work**

Based on the assessed RFC and the testimony of the VE, the ALJ concluded that Plaintiff is capable of performing the requirements of representative occupations such as cashier. (A.R. 23). Plaintiff disputes this determination.

### C. The ALJ Failed to Provide Specific, Clear, and Convincing Reasons for Rejecting Plaintiff's Testimony Regarding his Symptoms

When evaluating the credibility of a plaintiff's testimony regarding subjective pain or symptoms, the ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). In the first step, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The plaintiff does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms. Rather, a plaintiff must only show that it could have caused some degree of the symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

If a plaintiff meets the first step, and there is no affirmative evidence of malingering, the ALJ can only reject a plaintiff's testimony about the severity of his or her symptoms by offering specific, clear, and convincing reasons. *Lingenfelter*, 504 F.3d at 1036. The ALJ cannot rely on general findings. The ALJ must identify specifically what testimony is not credible and what evidence undermines the plaintiff's complaints. *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). In weighing a plaintiff's credibility, the ALJ can consider many factors including: a plaintiff's reputation for truthfulness, prior inconsistent statements concerning the symptoms, unexplained or inadequately explained failure to seek treatment, and the plaintiff's daily activities. *Smolen*, 80 F.3d at 1284; *see also* 20 C.F.R. § 404.1529(c)(4) (Social Security must consider whether there are conflicts between a claimant's statements and the rest of the evidence).

Here, Plaintiff testified that he cannot work because of the pain he experiences in his neck, back, and shoulders. (A.R. 46). Plaintiff stated that he has difficulty raising his arms above his head, can stand only for one hour at a time, and can sit only for up to 45

minutes at a time. (A.R. 49, 54-55). Plaintiff also testified that he must lay down or recline during the day, explaining that it is "much less painful for me to be in a recliner and I can have the heating pad on my back and neck." (A.R. 55). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (A.R. 19).

The ALJ rejected Plaintiff's testimony for several reasons. First, the ALJ stated that "[o]bjective examinations confirmed that the claimant's impairments resulted in some limitations, but that these limitations were not as severe as alleged." (A.R. 20). Although an ALJ may consider a lack of objective evidence as one element in his or her analysis, a claimant's testimony of disabling pain cannot be discredited "merely because [it is] unsupported by objective evidence." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) ("[O]nce the claimant produces objective medical evidence of an underlying impairment, [the ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."). As explained below, the ALJ's other reasons for finding Plaintiff's testimony not credible are not clear and convincing. The lack of objective medical evidence corroborating the severity of Plaintiff's symptoms is not a sufficient sole reason for rejecting Plaintiff's testimony.

As a second reason for discounting Plaintiff's testimony, the ALJ stated that Plaintiff has "received relatively routine treatment for his pain." (A.R. 20). An ALJ may properly discount a claimant's reports of pain where he opts for conservative treatment in the face of extreme pain. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). An ALJ may also consider that a claimant's symptoms improve in response to treatment, but it is error to rely on temporary instances of improvement as evidence that the claimant is capable of sustaining work. *See, e.g.*, *Garrison*, 759 F.3d at 1018.

Here, the ALJ recounted that Plaintiff's pain treatment included epidural steroid injections, radiofrequency ablation, physical therapy, and opioid therapy. (A.R. 20). The Ninth Circuit has doubted that steroid injections and narcotic pain medications qualify as conservative. *See, e.g.*, *Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017) (citing *Garrison*, 759 F.3d at 1015 n.20). The Court finds that the ALJ improperly determined that Plaintiff's treatment was conservative.

The ALJ also improperly rejected Plaintiff's testimony because of his positive response to treatment. The ALJ found that Plaintiff experienced relief from steroid injections, radiofrequency ablation, physical therapy, and opioid therapy. (A.R. 20). While the ALJ is correct that Plaintiff reported relief, it was temporary and therefore did not undermine his consistent reports of pain throughout the relevant period. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). For example, the ALJ pointed to a January 2016 medical record that indicated Plaintiff experienced 80 percent relief for longer than one year from a cervical epidural steroid injection. (A.R. 876). However, that same record reflects that Plaintiff's pain was still a 6/10 and he had trouble sleeping due to neuropathic nighttime pain. (A.R. 873, 876). Moreover, Plaintiff continued to complain of pain at his two follow-up appointments in February and March 2016. (A.R. 864, 868).

The ALJ also found that Plaintiff benefited from physical therapy and pain medications. (A.R. 20). However, as with his steroid injections, Plaintiff noted some relief, but continued to report chronic pain. Additionally, in August 2014, Plaintiff's provider noted that pain medications and physical therapy were not effective at treating his pain. (A.R. 928). And in August 2015, Plaintiff told his providers that his pain medications were currently not as effective as they were in the past. (A.R. 633). Plaintiff's partial relief does not undermine his allegations of persistent disabling pain.

As a final reason for discounting Plaintiff's symptom testimony, the ALJ concluded that Plaintiff's daily activities were inconsistent with his alleged limitations. (A.R. 21). An ALJ may properly reject a claimant's testimony because his daily activities indicate he is more functional than alleged. *See Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685,

693 (9th Cir. 2009). However, for an ALJ to properly rely on a claimant's daily activities as evidence that he is exaggerating his limitations, the ALJ must determine the extent to which the claimant engages in them. *See Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2014).

Here, the ALJ identified several activities that were purportedly inconsistent with Plaintiff's alleged limitations, including walking for exercise, doing yard work, running errands, cooking, cleaning, reading, drawing, lifting his son's wheelchair, attending concerts, and driving to Tucson and Colorado. (A.R. 21). The ALJ failed, however, to explain how these activities were inconsistent with Plaintiff's alleged limitations or probative of his functional capacity. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

For example, Plaintiff consistently reported that he walked every day for exercise. (A.R. 510, 519). Yet there is no indication that Plaintiff walked for a long period of time, and the mere fact that he walked every day does not support a finding that he was more functional than alleged. Plaintiff reported that he did some yard work and chores, but his description of those activities did not contradict his alleged functional limitations. *See Orn*, 495 F.3d at 639. Similarly, he reported grocery shopping two or three times per week for smaller loads but had difficulty getting items off the lower shelves. (A.R. 51-52). He also reported doing the bulk of the cooking, but stated that he primarily cooked microwavable meals or picked up food from a drive-thru restaurant. (A.R. 49-50). Finally, he helped with some chores, but reported difficulty showering and unloading the dishwasher. (A.R. 49-50).

Likewise, the ALJ noted that Plaintiff attended several concerts per year, but Plaintiff reported that he had to sit during them. (A.R. 21, 53-54). Plaintiff drove to Tucson and Colorado during the relevant period, but the ALJ did not determine whether Plaintiff was able to recline or take breaks during those trips. (A.R. 21). Accordingly, neither of those activities necessarily contradicts Plaintiff's testimony. *See Zavalin*, 778 F.3d at 848. Finally, Plaintiff reported lifting his son's 25-pound wheelchair into the trunk of his car "every once in a while," but that is not substantial evidence that he was more functional

than alleged. The Court finds that the ALJ erred by relying on Plaintiff's daily activities as a basis to conclude he was more functional than alleged.

"The clear and convincing standard is the most demanding required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). "Sheer disbelief" of the severity of a claimant's symptoms "is no substitute for substantial evidence." *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). For the above reasons, the Court finds that the ALJ failed to provide specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's symptom testimony regarding his impairments. This error is harmful and alone requires remand.

### D.  The Case Will Be Remanded for Further Proceedings

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit, however, has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id*. at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.

2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful? *Id*. at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id*.

3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id.*; *Garrison*, 759 F.3d at 1020.

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors. *Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits. *Id.* at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

After examining the record, the Court finds no outstanding issues of fact to be resolved through further proceedings. Plaintiff testified that as a result of his pain, he needs to lay down or recline for more than a couple of hours a day. (A.R. 55). At the administrative hearing, the VE testified that an individual who "needed unscheduled breaks to recline for two hours or more in addition to the typical breaks in a normal day" would not be able to sustain employment. (A.R. 60-61). The VE's testimony establishes that if Plaintiff's testimony was credited-as-true, the ALJ would be required to find that Plaintiff is disabled. The Court does not find any material evidence in the record that creates serious doubt that Plaintiff is in fact disabled. Therefore, based on the record, the Court finds it inappropriate to remand the case for further proceedings. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.") (citation omitted). The Court will remand the case for an immediate award of benefits effective November 11, 2013 (the disability onset date).

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding this case to the Commissioner for an immediate award of benefits effective November 11, 2013.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 23rd day of July, 2020.

*/s/ EsWillett*
Honorable Eileen S. Willett
United States Magistrate Judge